# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-cv-366-MOC-DSC

| | |
|---|---|
| ANDREW W. CURRIE, | ) |
| | ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) |
| | ) |
| THE PHOENIX INSURANCE | ) |
| COMPANY, et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (document #21) and Plaintiff's "… Response … and Alternative Motion for Leave to Amend" (document #25); as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will grant Plaintiff's Alternative Motion for Leave to Amend. The undersigned respectfully recommends that the Motion to Dismiss be granted in part and denied in part, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Amended Complaint as true, Defendant Phoenix Insurance Company ("Phoenix") agreed to insure the contents of the home Plaintiff was renting at 1000 Bentwood Lane in Monroe, North Carolina under the terms of a renter's policy. The

declarations page of the policy states that Phoenix is the insurer.

The policy provides coverage for direct loss by fire for Plaintiff's personal property, for loss of use, and for property of others kept at his home. The policy had limits of $75,000.00 for personal property and $15,000.00 for loss of use.

On May 5, 2010, a fire caused significant damage to the contents of Plaintiff's home, including his personal property and the personal property of others. Plaintiff alleges that he had nothing to do with the fire.

Plaintiff alleges that he notified Phoenix in a timely manner and fully cooperated with them during the claims process. Plaintiff completed a proof of loss form with supporting documentation.

At Phoenix's request, Plaintiff submitted to a seven-hour examination by their lawyer and answered "completely and honestly." Id. at 5. Plaintiff alleges that Phoenix developed information that "demonstrated incontrovertibly" that he played no role in the fire.

Phoenix has refused to pay Plaintiff's claim and contends that the policy's intentional conduct exclusion applies.

On May 3, 2013, Plaintiff filed his Complaint in Union County Superior Court. As amended, the Complaint contains claims for breach of contract, bad faith in violation of N.C. Gen. Stat. § 75 et. seq., and punitive damages.

On June 13, 2013, Defendants removed the state action to the United States District Court for the Western District of North Carolina alleging diversity of citizenship subject matter jurisdiction. Removal has not been challenged and appears proper.

On August 27, 2013, Defendants filed their Motion to Dismiss. The Motion to Dismiss is

premised on Plaintiff's failure "to allege facts showing that neither [Plaintiff's wife] nor any other insured played a role in starting the fire. Plaintiff has failed to satisfy his burden of alleging facts showing that the intentional conduct exclusion did not bar his insurance claim…." Document #22 at 9.

In his "Response …" (document #25), Plaintiff "consents to the dismissal of the [D]efendants other than The Phoenix Insurance Company…." Id. at 3. Plaintiff "moves that the dismissal be without prejudice" but offers no authority or rationale in support of a dismissal without prejudice. Id. Plaintiff also filed his alternative Motion to file a second amended complaint, alleging that neither his wife nor any other insured started or caused the fire.

The Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Motion to Amend

For the reasons stated in Plaintiff's Motion and briefs, the Court will grant his Motion to Amend the Complaint as to the breach of contract claim only. Specifically, Plaintiff will be allowed to add the factual allegations that neither his wife nor any other insured started or caused the fire.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Accordingly, the undersigned respectfully recommends that Defendants' Motion to

Dismiss as to Plaintiff's breach of contract claim against Phoenix be denied as moot.

### B. Motion to Dismiss Bad Faith and Punitive Damages Claims

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules

4

of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### 2. Bad Faith in Violation of N.C. Gen. Stat. § 75 et. seq.

Whether analyzed as a bad faith settlement practices claim or a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, Plaintiff has failed to allege sufficient facts to survive dismissal. The elements of a claim for bad faith settlement practices against an insurance company are: "(1) a refusal to pay after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct." Topsail Reef Homeowners Ass'n v. Zurich Specialties London, LTD, 11 F. App'x 225, 237 (4th Cir. 2001). Plaintiff's Complaint alleges the existence of a contract, the occurrence of a fire, his submission of a claim and Phoenix's failure to pay that

5

claim. The Amended Complaint does not allege that Phoenix recognized the claim as valid. To the contrary, Plaintiff has pled that Phoenix denied his claim based upon a policy exclusion. Plaintiff has failed to allege the first element of bad faith and therefore, this claim fails.

To establish an unfair and deceptive trade practices claim in violation of N.C. Gen. Stat. § 75-1.1, a plaintiff must allege three elements: "(1) the defendants committed an unfair and deceptive act or practice, (2) in or affecting commerce; and (3) that the plaintiff was injured thereby." TSC Research, LLC v. Bayer Chemicals Corp., 552 F.Supp.2d 534, 546 (M.D.N.C. 2008).

"A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive." Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Actions for unfair and deceptive trade practices are distinct from actions for breach of contract. A mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C. Gen. Stat. § 75-1.1. Branch Banking and Trust Co. v. Thompson, 107 N.C.App. 53, 62, 418 S.E.2d 694, 700 (1992).

In order to state a claim for unfair and deceptive trade practices, Plaintiff must plead "substantial aggravating circumstances attending the breach, which is unlikely ... since [breach of contract] ... claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998) (citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994)).

Applying the Supreme Court's two-step process for determining whether a complaint alleges sufficient facts to survive a motion to dismiss, the undersigned finds that there are insufficient allegations to support Plaintiff's unfair and deceptive trade practices claim. The

6

Amended Complaint does not contain facts that would allow the Court to find any substantial aggravating circumstances on the part of Defendant. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 129 S.Ct. at 1949.

The Court's recent holding in Alqolaq v. State Farm Fire & Cas. Co, 3:11-CV-16-RJC-DSC, 2011 WL 1831570, at *3 (W.D.N.C. Apr. 7, 2011), memorandum and recommendation adopted, 3:11-CV-16 RJC-DSC, 2011 WL 1812203 (W.D.N.C. May 12, 2011) is controlling.

The plaintiff's allegations in Alqolaq largely mirrored those in this case. The plaintiff insured alleged a covered loss, timely notification to the the insurer, submission of necessary documentation, and a wrongful denial. Id. The complaint further alleged that the defendant ignored pertinent information and failed to conduct a reasonable investigation. Those allegations were insufficient to support a claim for bad faith and unfair and deceptive trade practices. Id.

For those reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's claims for bad faith and unfair and deceptive trade practices.

### 3. Punitive Damages

For the same reasons discussed above, Plaintiff's claim for punitive damages also fails. Topsail Reef Homeowners Ass'n, 11 F. App'x at 237; Alqolaq, 2011 WL 1831570, at *3. The absence of a viable claim for tortious conduct is fatal to Plaintiff's claim for punitive damages. Michael v. Metro. Life Ins. Co., 631 F. Supp. 451, 455 (W.D.N.C. 1986) ("In order for the Plaintiff to recover on her claim for punitive damages under North Carolina law, she would have to produce evidence that the Defendant had determined that the claim was valid and that the Defendant nevertheless refused to pay and that such refusal was in bad faith with intent to cause further damage to Plaintiff.") Accordingly, the undersigned respectfully recommends that this

claim be <u>dismissed</u>.

### III. ORDER

**IT IS HEREBY ORDERED** that the Plaintiff's "Alternative Motion for Leave to Amend" (document #25) is **GRANTED** for the limited purpose of adding the factual allegations that neither Plaintiff's wife nor any other insured started or caused the fire at issue. Plaintiff shall file his Second Amended Complaint within seven (7) days of this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss" (document #21) be **GRANTED IN PART** and **DENIED IN PART**; that is, **DENIED AS MOOT** as to Plaintiff's breach of contract claim against Phoenix Insurance Company and **GRANTED** in all other respects.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147

(1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 21, 2013

David S. Cayer
United States Magistrate Judge