UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00366-MOC-DSC

| | | |
|---|---|---|
| **ANDREW W. CURRIE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **THE PHOENIX INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and

Recommendation issued in this matter. In the Memorandum and Recommendation, the

magistrate judge advised the parties of the right to file objections within 14 days, all in

accordance with 28, United States Code, Section 636(b)(1)(c). Objections and a

Response thereto have been filed within the time allowed. On January 15, 2013, the

court heard oral arguments from respective counsel.

## FINDINGS and CONCLUSIONS

### I.    Introduction

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court

shall make a *de novo* determination of those portions of the report or specific proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby

v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal

issues are raised and no factual issues are challenged, *de novo* review of the record may

be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).

Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

## II.    Background

In this action removed from the North Carolina General Court of Justice, Superior Court Division, Union County, plaintiff contends that defendants have breached a contract of fire insurance, engaged in bad faith insurance practices, and committed unfair and deceptive trade practices when it denied coverage based, in part, on plaintiff being indicted in state court on a charge of arson in relation to the same structure fire as to which he has made a claim for coverage. Plaintiff has primarily alleged that it was improper for defendants to rely on a probable cause finding of a state grand jury and what plaintiff considers to be an inadequate independent investigation by the insurance company, in denying his claim for coverage. It is undisputed that plaintiff has been indicted by a grand jury in Union County for arson in relation to the structure fire, that The Travelers conducted an independent investigation of the fire that included among other things a day-long deposition of plaintiff, and that the charges remain outstanding in state court.

### III.    The Memorandum and Recommendation

In their Motion to Dismiss, defendants moved to dismiss the six-named "Travelers" entities as well as plaintiff's state-statutory claims against Phoenix. Prior to entry of the Memorandum and Recommendation (#30), plaintiff consented to the requested Rule 12(b)(6) dismissal of the Travelers defendants, Response (#25) at 3, and the Magistrate Judge recommended dismissal of those defendants with prejudice. The Magistrate Judge determined that plaintiff's Amended Complaint articulated no grounds for a claim against the Travelers defendants because plaintiff plainly alleged that Phoenix was his insurer. In recommending dismissal with prejudice of the Travelers defendants, the Magistrate Judge noted that plaintiff requested that such dismissal be without prejudice, but that plaintiff cited no authority for that request. M&R (#30) at 3.

As to the substantive claims against Phoenix, the Magistrate Judge held that plaintiff failed to articulate sufficient, well-pled facts to state plausible claims for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 or § 58-63-15(11) and that plaintiff also failed to allege sufficient facts to state a claim for bad faith refusal to settle or any other theory justifying his demand for punitive damages.

### IV.    Plaintiff's Objections to the Memorandum and Recommendation

Plaintiff has objected to the with-prejudice Rule 12(b)(6) dismissal of the Travelers defendants and to dismissal of his extra-contractual claims against Phoenix.

#### A. Rule 12(b)(6) Standard

Prior to recent developments in the law, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that the plaintiff could prove "no set of facts"

which would support its claim and entitle it to relief. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). This "no set of facts" standard was abrogated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), where the Court held that the "no set of facts" standard first espoused in <u>Conley</u>, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Id.</u> at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." <u>Id.</u> at 561 (alteration in original).

Post <u>Twombly</u>, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u> at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." <u>Id.</u> at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "plausible on its face." <u>Id.</u> at 570 (emphasis added).

Two years after <u>Twombly</u>, the Court again visited the Rule 12(b)(6) pleading standard in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In <u>Iqbal</u>, the Court determined that

Rule 8 "demands more than an unadorned, the defendant unlawfully harmed me accusation." <u>Id.</u> at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (citing Twombly, supra). The Court explained what is a plausible claim:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Id.</u> This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." <u>Id.</u> While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP</u>, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Id.</u> at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common

sense." Iqbal, 129 S. Ct. at 1950.  While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### B.  Objection to Dismissal of The Travelers Defendants with Prejudice

While it is clear that plaintiff requested that the Rule 12(b)(6) dismissal of the Travelers defendants be without prejudice when plaintiff conceded dismissal in his Response, plaintiff cited no authority in support of that request.  In objecting to the recommended dismissal, plaintiff has cited the court to unpersuasive and inapplicable authority that relates to a stipulation of voluntary dismissal.  Plaintiff's concession of the Motion to Dismiss as to the Travelers defendant in his response is in no manner a stipulation of voluntary dismissal under Rule 41, Federal Rules of Civil Procedure.

What is clear from the pleadings is that after the Travelers defendants moved under Rule 12(b)(6) for dismissal, plaintiff agreed to dismissal.  While plaintiff wants that dismissal to be without prejudice -- which is something that the parties could have accomplished with a Rule 41 stipulation – the Court of Appeals for the Fourth Circuit has consistently held that a Rule 12(b)(6) dismissal is an adjudication on the merits. Andrews v. Daw, 201 F.3d 521, 525 n.2 (4th Cir. 2000); Frank v. Home Depot, U.S.A., Inc., 481 F.Supp.2d 439, 442 (D.Md. 2007).   Indeed, the court can find no plausible reason why such dismissal should be without prejudice as plaintiff's claim, by its own admission, is clearly against his insurer, Phoenix.

Plaintiff's objection is, therefore, overruled, and the recommendation of the

Magistrate Judge is adopted.

C. **Objection to Dismissal of Plaintiff's Claims for Violation of State Statutory Law and Extra-Contractual Damages**

In this objection, plaintiff has argued that he alleged sufficient plausible facts to survive Rule 12(b)(6) analysis. Among other allegations, plaintiff contends that he has adequately supported his UDTPA claim by alleging, among other matters, that Phoenix violated state law

> [b]y failing to conduct a meaningful independent investigation of the claim and denying the claim based primarily, if not solely, on the fact that Mr. Currie had been charged criminally in relation to the fire with the full knowledge that a criminal charge requires only the thin thread of probable cause and that Mr. Currie is presumed by the legal system to be innocent until proven guilty ….

Amended Complaint (#19) at ¶ 45(k). The court has independently reviewed reported North Carolina decisions and can find no authority for the proposition that it is plausible that an insurance company acts in bad faith when, after it has conducted an independent investigation and a grand jury has returned a true bill of indictment for arson, denies a claim submitted by the accused.

That is not to say that there are not scenarios where an insurance company can be determined to act in bad faith or engage in unfair and deceptive trade practices, even where the claimant is charged with arson. Indeed, in <u>Eaves v. Fireman's Fund Ins. Companies</u>, 148 Fed.Appx. 696 (10th Cir. Sept. 7, 2005), it was alleged that the insurance company had been complicit in securing a charge of arson from the District Attorney even though the district attorney had determined that there was no direct evidence of the claimant's complicity in the alleged arson. The court held that "the charges were a direct

result of representations made by FFIC's investigator and would not have been made without those representations." Id. at *5.

Here, plaintiff's complaint is devoid of any allegations that the insurer in any manner procured the indictment against him or trumped up evidence and presented it to prosecuting authorities. While it is theoretically possible to bring bad-faith and unfair and deceptive trade practices claims even where a claim is denied based in part on the return of an indictment implicating the insured in the loss, it is plaintiff's burden to allege plausible factual allegations that support his claims. Merely reciting the elements of the cause of action and making conclusory allegations untethered to plausible factual allegations cannot survive review under Twombly and Iqbal.

The judges of this court have long held that similarly pled allegations of bad faith will not suffice. In Alqolaq v. State Farm Fire & Cas. Co, 2011 WL 1831570, at *3 (W.D.N.C. Apr. 7, 2011), Judge Conrad held that such "[n]aked assertions devoid of further factual enhancement are not sufficient to survive a motion to dismiss." Here, plaintiff's Complaint lacks allegations of fact that Phoenix allegedly ignored pertinent facts that would have supported plaintiff's claim, that it committed acts or omissions that made Phoenix's own investigation unreasonable, or that Phoenix engaged in any particular instance of aggravated or bad faith conduct. Plaintiff's objection is overruled and the recommendation of the Magistrate Judge is accepted.

## V.    Conclusion

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the

factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

***

The court notes that counsel for plaintiff argued at the hearing that the claim was for an amount that did not exceed $75,000. As the only claim that remains is the breach of contract claim, the parties should consider whether remand is appropriate or whether the court should continue to exercise supplemental jurisdiction over the remaining claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#32) are **OVERRULED**, the Memorandum and Recommendation (#30) is **ACCEPTED** and **AFFIRMED,** and

(1) defendants' Motion to Dismiss (#21) plaintiff's claims against The Travelers defendants is **GRANTED** and the claims against The Travelers defendants are **DISMISSED** with prejudice;

(2) Phoenix's Motion to Dismiss (#21) plaintiff's claims for bad faith and unfair and deceptive trade practices, as well as his demand for punitive damages, is **GRANTED** and such claims and demand are **DISMISSED** with prejudice; and

(3) Phoenix's Motion to Dismiss (#21) the plaintiff's Breach of Contract claim is

**DENIED** as moot in light of the Magistrate Judge's limited allowance amendment related to the Breach of Contract claim as provided in the Second Amended Complaint.

Signed: 1/29/2014

Max O. Cogburn Jr.
United States District Judge